Jamie SITTON et al., Petitioners,

v.

CITY OF LINDALE, Texas, Respondent.

No. B–1886.

Supreme Court of Texas.

June 3, 1970.

Rehearing Denied July 8, 1970.

Griffith & Lumpkins, Stuart B. Lumpkins, Waxahachie, Jack K. Allen, Tyler, for petitioners.

Gary D. Jackson, Tyler, Smith & Smith, Troy Smith, Tyler, for respondent.

HAMILTON, Justice.

Plaintiffs-petitioners, Jamie and G. D. Sitton, filed this suit against defendant-respondent, City of Lindale, which was incorporated as a "general law" city and has a population of approximately 2,000 persons. Plaintiffs are resident owners of land included in an area which has been annexed by the City of Lindale. Plaintiffs seek to have the annexation declared void because the inhabitants of the annexed area have not consented to the annexation under Art. 974, Vernon's Tex.Civ.Stat.[1] The City of Lindale contends that consent is not necessary where a city annexes land under Art. 970a. The trial court declared the annexation void. The Court of Civil Appeals reversed the trial court's judgment and rendered judgment for the City of Lindale, holding that consent is not necessary where the annexation is under Art. 970a. 446 S.W.2d 703. The only question before us is whether the City of Lindale, a "general law" city, has the power to annex land without the consent of a majority of the qualified voters inhabiting such land. The answer involves the interpretation of certain annexation statutes, primarily Articles 970a and 974. We conclude that consent is necessary and, therefore, we reverse the judgment of the Court of Civil Appeals.

1. All statutes cited in this opinion refer to Vernon's Ann.Texas Civil Statutes.

Since 1912 cities may be classified for annexation proceedings as either "general law" cities or "home rule" cities. "Home rule" cities were authorized in 1912 by Art. XI, Sec. 5, Texas Constitution, Vernon's Ann.St., and are governed by statutes, primarily Articles 1165–1182f. "Home rule" cities have the following power under Art. 1175, Sec. 2 (as enacted in 1913, with the portion in italics being added in 1963 when Art. 970a was enacted):

"The power to fix the boundary limits of said city, to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city * * * according to such rules as may be provided by said charter *not inconsistent with the procedural rules prescribed by the Municipal Annexation*

*Act* [Art. 970a]." [Italics added]

Courts have interpreted Art. 1175 (as originally enacted prior to the 1963 Amendment) as giving "home rule" cities authority to have charter provisions for the annexation of land without the consent of the inhabitants of such land. Allen v. City of Austin, 116 S.W.2d 468 (Tex.Civ.App. 1938) writ ref'd and Cohen v. City of Houston, 176 S.W. 809 (Tex.Civ.App.1915) writ ref'd.

General law cities, on the other hand, since 1875 have continued to be governed by Art. 974 which states:

"When a majority of the inhabitants qualified to vote for members of the State legislature of any territory adjoining the limits of any city incorporated under, or accepting the provisions of, this title, to the extent of one-half mile in width, shall vote in favor of becoming a part of said city, any three of them may make affidavit to the fact to be filed before the mayor, who shall certify the same to the city council of said city. The said city council may, by ordinance, receive them as part of said city; from thenceforth the territory so received shall be a part of said city; and the inhabitants thereof shall be entitled to all the rights and privileges of other citizens, and bound by the acts and ordinances made in conformity thereto and passed in pursuance of this title." [2]

In 1963 Art. 970a was enacted but Art. 974 was neither expressly repealed nor amended. Portions of Art. 970a follow:

"Section 1. This Act is known and may be cited as the 'Municipal Annexation Act'.

"Section 2. For the purposes of this Article, the following words shall have the meanings ascribed to them:

"A. 'City' or 'Cities' means any incorporated city, town or village in the State of Texas.

"* * *

"Sec. 3. A. In order to promote and protect the general health, safety, and welfare of persons residing within and adjacent to the cities of this State, the Legislature of the State of Texas declares it to be the policy of the State of Texas that the unincorporated area, not a part of any other city, which is contiguous to the corporate limits of any city, to the extent described herein, shall comprise and be known as the extraterritorial jurisdiction of the various population classes of cities in the State and shall be as follows:

"(1) The extraterritorial jurisdiction of any city having a population of less than five thousand (5,000) inhabitants shall consist of all the contiguous unincorporated area, not a part of any other city, within one half (½) mile of the corporate limits of such city. [Subdivisions (2) through (5) specify the extraterritorial jurisdiction for cities having other populations]."

The parties agree that the City of Lindale, a "general law" city, has completely

2. Art. 974 does not apply to vacant property or city-owned property. See Articles 974g and 965.

complied with Art. 970a. Likewise, the parties agree that the City has not complied with Art. 974.

■ We interpret Art. 970a as an enactment applying to both "home rule" and "general law" cities, as evidenced by the definition of "City" in Sec. 2, A. The one-half mile extraterritorial jurisdiction specified in Sec. 3, A(1) specifically applies to "general law" cities because it applies only to cities with less than five thousand inhabitants. Under Art. XI, Sec. 5, Texas Constitution, a city must have a population of more than five thousand inhabitants in order to be eligible to become a "home rule" city.

■ Although we interpret Art. 970a as being applicable to both "general law" and "home rule" cities, we do not interpret Art. 970a as granting to "general law" cities the power of annexation without the consent required by Art. 974. Nowhere in Art. 970a is there a grant of any such new power. Both "home rule" and "general law" cities must derive their power of annexation from authorities other than Art. 970a; in other words, Art. 970a did not change "home rule" and "general law" cities' powers of annexation as such powers existed prior to the enactment of Art. 970a in 1963. Therefore, since 1913 "home rule" cities have continued to derive their power of annexation from their charters as authorized under Art. 1175, Sec. 2; and "general law" cities since 1875 have continued to derive their power of annexation from Art. 974, which applies to land that is inhabited and not owned by the city.[3] We find no inconsistencies between Articles 970a and 974. The cumulative clause of Art. 970a provides as follows:

"The provisions of this Act shall not repeal * * * any other law or part of law upon the subject of which the provisions of this Act relate unless they are expressly inconsistent and then only to the extent of such inconsistency."

In reviewing the historical background of Art. 970a, plaintiffs refer to a report entitled "Municipal Annexation," No. 56–6, compiled in 1960 by the Texas Legislative Council. This report dealt primarily with the abuses of the power of unilateral annexation possessed by "home rule" cities. The report concluded with three alternative solutions to such abuses, the third solution being very similar to Art. 970a. The report briefly discussed the power of annexation of "general law" cities under Art. 974 and concluded:

"Whatever the reason, it is fairly obvious that abuse of the power of annexation is not to be found among the general law municipalities of our State."

The Council's report at least indicated no need to grant to "general law" cities the power of unilateral annexation because it was the abuse of this power by "home rule" cities which prompted the Council's report.

Under our interpretation of Art. 970a the annexation by the City of Lindale was void because it was without the consent of a majority of the qualified voters inhabiting the annexed area, such consent being required by Art. 974.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

3. Regarding vacant land and city-owned land, see Articles 974g and 965, respectively.