CITY OF DUNCANVILLE, Texas, Petitioner,

v.

CITY OF WOODLAND HILLS, Texas, Respondent.

No. B–3589.

Supreme Court of Texas.

Dec. 6, 1972.

Rehearing Denied Feb. 21, 1973.

Saner, Jack, Sallinger & Nichols, H. Louis Nichols, Dallas, for petitioner.

Jenkins & Johnson, Ronnie B. Johnson, Waxahachie, for respondent.

PER CURIAM.

The Court of Civil Appeals has affirmed the judgment of the trial court holding that certain annexation proceedings of the City of Duncanville are invalid. 484 S.W.2d 111. The application for writ of error is refused on the ground that the judgment of the Court of Civil Appeals presents no reversible error. Although not referred to by the Court of Civil Appeals, respondent presented by counterpoints other reasons supporting the decisions of the lower courts, including the provisions of Section 6, Article 970a,[1] which provides:

Before any city may institute annexation proceedings, the governing body of such city shall provide an opportunity for all interested persons to be heard at a public hearing to be held not more than twenty (20) days nor less than ten (10) days prior to institution of such proceedings . . .

The record in this case reveals that the public hearing to consider annexation of the area in question was held on May 17, 1972. The City of Duncanville Ordinance No. 502, which attempts to annex the area in question, indicates that passage on first reading occurred on May 24, 1972. This event constitutes the institution of annexation proceedings as contemplated in the above statute. See, Red Bird Village v. State of Texas ex rel. City of Duncanville, 385 S.W.2d 548, 550 (Tex.Civ.App.1965, writ refused). In Bolton v. Sparks, 362 S.W.2d 946 (Tex.1962), this Court held that full compliance with statutory requirements as to notice and hearing is necessary to the validity of an ordinance. Inasmuch as the annexation proceedings in this case were commenced less than ten days after the public hearing, the ordinance is invalid, and respondent's counter-point should have been sustained.

We expressly reserve the question of whether a municipality may repeal an ordinance passed in ratification of a valid written agreement apportioning extraterritorial jurisdiction theretofore entered with another municipality in accordance with Section 3B of Article 970a.

---

1. All statutory references are to Vernon's Annotated Civil Statutes.