**FULLER SPRINGS, Appellant,**

v.

**STATE of Texas ex rel. CITY OF LUFKIN, Appellee.**

**No. 7499.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 13, 1973.

Rehearing Denied Jan. 10, 1974.

**352**

William Drew Perkins, Lufkin, for appellant.

Robert Flournoy, City Atty., Dan Brazil, Dist. Atty., Lufkin, for appellee.

STEPHENSON, Justice.

This is a proceeding in quo warranto filed on the relation of the city of Lufkin to have the incorporation of the town of Fuller Springs declared void. Trial was by jury; but, after hearing evidence, the trial court withdrew the case from the jury and rendered judgment that the attempted incorporation was invalid. The parties will be referred to here as Lufkin and Fuller Springs.

For clarity, the following calendar of events is set forth:

8-17-71 —Lufkin authorized preparation of annexation ordinance and publication of notice

8-27-71 —Newspaper notice of proposed annexation by Lufkin

8-30-71 —Petition filed and Fuller Springs incorporation election called

9-7-71 —Lufkin hearing of proposed annexation

9-7-71 —Lufkin first reading annexation ordinance

9-14-71 —Fuller Springs incorporation election carried

9-21-71 —Lufkin second reading annexation ordinance

The territory covered by the annexation would place a portion of the land sought to be incorporated by Fuller Springs within the "extraterritorial jurisdiction" of Lufkin.

Fuller Springs has points of error contending that the filing of its petition and the calling of the incorporation election by the county judge gave it jurisdiction over the territory in question, and the newspaper notice of the proposed annexation did not give Lufkin jurisdiction.

 The statement of law, appearing frequently in jurisdictional dispute cases is set forth in State v. Town of Lakeside, 328 S.W.2d 245 (Tex.Civ.App., Fort Worth, 1959, refused), as follows:

"The municipal authority, be it one having a legal existence or in the process of organization, which first commences legal proceedings asserting authority over a given territory thereby acquires a jurisdiction over the same which cannot thereafter be defeated by a subsequent attempted exercise of jurisdiction by a similar municipal organization. State ex rel. George v. Baker, 120 Tex. 307, 40 S.W.2d 41." (and other cases cited) (328 S.W.2d 245 at 247)

■ Was the action of the City Commission instructing the City Attorney to prepare the annexation ordinance and instructing the City Secretary to publish a newspaper notice of the proposed annexation " 'a legal proceeding asserting authority' " over the territory in question? Art. 970a, § 6, Vernon's Ann.Civ.St., provides that no area may be annexed by a municipality unless and until there has been a public hearing and that notice of such hearing should be published in a newspaper.

We have not been cited nor have we found any cases directly in point. The minutes of the City Commission showed that on July 20, 1971, a request for sewer service for citizens in the territory in question was presented. The minutes of August 5, 1971, showed the City Manager called attention to the request for sewer service and possible annexation of that territory. The minutes of August 17, 1971, showed that the City Manager presented a plat covering this proposed annexation, together with the recommendation of the City Planning and Zoning Commission, and a motion was passed instructing the City Attorney to prepare an ordinance covering probable annexation of their territory after a proper hearing, "etc." had been conducted thereon. The City Secretary testified that pursuant to those instructions by the City Commission, he posted the notice in the newspaper. The City Engineer testified that on August 17, 1971, the City Commission instructed the City Secretary or the City Manager to see that the proper notices were published in the paper.

Lufkin made requests for admissions to Fuller Springs, one of which was: The City Commission on August 17, 1971, authorized the publication of notice of the public hearing. Fuller Springs said it could neither admit nor deny that request, because it was not a statement of fact but a statement of law or a legal conclusion.

We hold the action by the Lufkin City Commission, August 17, 1971, followed by the newspaper notice, August 27, 1971, was the commencement of legal proceedings asserting authority over the territory in question.

Art. 970a, § 6, V.A.C.S., provides that such notice must be published not more than 20 days nor less than 10 days prior to the hearing. The law providing that there can be no annexation proceedings before the hearing, would result in an untenable position if the law is different from the holding of this case. Every attempted annexation could be defeated by the securing of a petition and presentation to the county judge between the date of the newspaper notice and the date of the hearing on the proposed annexation.

No case in Texas, involving an annexation proceeding, has said that adoption of an ordinance on first reading is the sole method of "commencing legal proceedings asserting authority over a given territory." It is written in several cases, including *Duncanville*, infra, that passage on first reading *constitutes the institution of annexation proceedings*, but that underlined term is not to be confused with *commencing legal proceedings asserting authority*. The two do not have the same meaning.

Art. 970a, § 6, V.A.C.S., provides adequate protection now so that municipalities can no longer hold a territory in limbo by passing an annexation ordinance on first reading and then delaying further action for an extended period of time. It is specifically provided that annexation of a territory by a city shall be brought to completion within 90 days of the date on which it institutes annexation proceedings or the proceedings are null and void. The points are overruled.

Fuller Springs' third point of error is that the Lufkin annexation ordinance is void because the proceedings were commenced less than 10 days after the public hearing. The calendar of events above shows that Lufkin passed the annexation ordinance on first reading, the same day as the hearing.

In Art. 970a, § 6, V.A.C.S., the following is stated:

"Before any city may institute annexation proceedings, the governing body of such city shall provide an opportunity for all interested persons to be heard at a public hearing to be held not more than twenty (20) days nor less than ten (10) days prior to institution of such proceedings."

The Supreme Court of this state in City of Duncanville v. City of Woodland Hills, 489 S.W.2d 557 (Tex.1972), held an annexation ordinance to be invalid because the city passed it on first reading, less than ten days after the public hearing.

It is to be recalled that this action was brought by Lufkin in quo warranto in which the allegations are made generally that the incorporation by Fuller Springs was void because Lufkin had already acquired jurisdiction over the territory in question. Fuller Springs' answer contained three special exceptions not pertinent to the issues here, an assertion that its incorporation was legal and a general denial. Later, Fuller Springs filed a cross-action against Lufkin in which this matter was not mentioned. Such cross-action was dismissed by the trial court on motion filed by Fuller Springs before judgment was entered by the trial court from which their appeal was taken.

■ The Lufkin annexation ordinance was not under direct attack in this case, as evidenced by the pleadings set forth above. Fuller Springs' point of error then is good only if the annexation ordinance is void. As the Supreme Court wrote recently in Hoffman v. Elliott, 476 S.W.2d 845 (Tex. 1972), as follows:

"If the annexation be wholly void because not authorized by law or color of law, a collateral attack is permissible."

See also City of Irving v. Callaway, 363 S.W.2d 832 (Tex.Civ.App., Dallas, 1962, error refused, n. r. e.), and cases cited at 835. The annexation ordinance before us is one authorized by law, and the question raised by Fuller Springs is one pertaining to the procedure used in adopting the ordinance. In Duncanville, supra, there was a direct attack upon the ordinance, and the court held it to be invalid. The terms "void" and "invalid" are not synonymous. As said by the Supreme Court of this State, many years ago:

" 'That which is void is without vitality or legal effect. That which is voidable operates to accomplish the thing sought to be accomplished, until the fatal vice in the transaction has been judicially ascertained and declared." Slaughter v. Qualls, 139 Tex. 340, 162 S.W.2d 671 (1942).

■ The ordinance under attack in this point of error is not void, although it may be invalid. The City of Lufkin in the exercise of its police power under the authority of Art. 970a, V.A.C.S., had authority to promulgate an ordinance annexing this area in question. Also, it is well-settled that a city, in passing annexation ordinances, acts in the exercise of its legislative powers, and its ordinances are presumed to be valid. One who asserts the invalidity of an annexation ordinance has the burden of establishing such contention. See City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477 (1955).

In May v. City of McKinney, 479 S.W. 2d 114 (Tex.Civ.App., Dallas, 1972, error ref., n. r. e.), it was held that the invalidity or insufficiency of the notice given by the city prior to the enactment of the annexation ordinances, related to irregularities in the annexation procedure, and could not be properly raised by collateral attack. See also, Lefler v. City of Dallas, 177 S.W.2d 231 (Tex.Civ.App., Dallas, 1943, no writ).

A question as to the validity of the Lufkin annexation ordinance was not before the trial court, and therefore was not litigated. We have no way of knowing what evidence could have been tendered by Lufkin if that matter had been in controversy in the trial court.

Affirmed.

KEITH, Justice (dissenting).

I respectfully dissent. It appears that the majority has given controlling weight to the action of Lufkin on August 17, 1971. The minutes which were offered in evidence reveal that the city manager presented a plat covering "probable annexation" of five properties by the City of Lufkin. Having received these recommendations, the City Commission acted thereon in this manner:

"Comm. E. C. Wareing made motion that City Attorney Flournoy be instructed to prepare five separate Ordinances covering probable annexation of the above area, which could be considered separately and on their merits by the City Commission, after proper hearing, etc., had been conducted thereon. Motion seconded by Comm. Roy L. Leamon, M.D., and a unanimous affirmative vote was recorded."

It is provided in Art. III, § 13, Charter of Lufkin, that "[t]he Commission shall legislate by ordinance", and the precise form thereof is set out in the article. It is to be noted that the foregoing minute entry does not purport to be an ordinance, or even a resolution, but is a simple oral motion instructing its city attorney to take action which *might*, at some unforeseen time in the future, lead to the adoption of an ordinance.

I agree with the statement found in the majority opinion: "Also, it is well-settled that a city, in passing annexation ordinances, acts in the exercise of its legislative powers." Indeed, that has been the law in Texas at least since 1882, and was reaffirmed in City of Irving v. Dallas County Flood Control Dist., 383 S.W.2d 571, 575 (Tex.1964). But, Lufkin did not adopt an ordinance on August 17, it simply instructed its agents, by a simple motion, to begin steps toward the preparation of an annexation ordinance.

There are at least two cases wherein the city adopted an *ordinance* directing publication of the notice of public hearing preparatory to the passage of an annexation ordinance at the conclusion of the hearing: City of Houston v. Harris Co. Eastex Oaks W. & S. Dist., 438 S.W.2d 941, 944 (Tex.Civ.App., Houston—1st Dist., error ref. n. r. e.), and, Vernon v. State, 406 S.W.2d 236, 240 (Tex.Civ.App., Corpus Christi, 1966, error ref. n. r. e.). Neither case is clear authority that this constituted an assertion of jurisdiction over the territory so described therein so as to preclude the incorporation thereof into an independent municipality.

Furthermore, from the language found in City of Duncanville v. City of Woodland Hills, 489 S.W.2d 557, 558 (Tex. 1972), it appears that the simple motion of August 17 did not amount to the institution of annexation proceedings. The Court there said:

"The record in this case reveals that the public hearing to consider annexation of the area in question was held on May 17, 1972. The City of Duncanville Ordinance No. 502, which attempts to annex the area in question, indicates that passage on first reading occurred on May 24, 1972. *This event constitutes the institution of annexation proceedings as contemplated in the above statute [§ 6, Art. 970a, V.A.C.S.]."* (emphasis supplied)

It also seems clear from other language in *Duncanville,* supra, that an ordinance is required to assert jurisdiction over territory, the Court saying:

> "In Bolton v. Sparks, 362 S.W.2d 946 (Tex.1962), this Court held that full compliance with statutory requirements as to notice and hearing is necessary to the validity of an *ordinance.*" (emphasis supplied)

I confess, further, that I have reluctance in affirming a judgment which finds as its sole base an admittedly invalid ordinance. Lufkin adopted the ordinance of annexation on the very day of the hearing. In *Duncanville,* both the trial court and the court of civil appeals held that the Duncanville ordinance, adopted a week after the hearing, was *void.* (484 S.W.2d 111) This determination by the lower courts was not disturbed. Ergo, Lufkin's ordinance was likewise *void,* although the precise holding of the Supreme Court was that the Duncanville ordinance was "invalid".

Contrary to the statement found in the last paragraph of the majority opinion, the *only* question before the trial court was the validity of Lufkin's annexation of the disputed territory. It brought the suit to establish its right to such territory; it tendered the ordinance in evidence (which showed upon its face that it was void or invalid); and, it offered no other testimony which would have established its right to prevail.

I do not join in the affirmance of a judgment which sounds the death knell of a municipality, small though it may be, when the sole claim of its larger neighbor to the territory and the right to prevail rests upon a void—or at the very least, an invalid—ordinance. When such fact appears, and is uncontradicted in an appellate record, the affirmation of a judgment based thereon is neither right nor just.