Richard A. KNAPP, Appellant,

v.

CITY OF EL PASO et al., Appellees.

No. 6850.

Court of Civil Appeals of Texas, El Paso.

Aug. 15, 1979.

Rehearing Denied Sept. 12, 1979.

---

Ainsa, Skipworth & Zavaleta, Robert A. Skipworth, Francis S. Ainsa, Jr., El Paso, for appellant.

R. Wade Adkins, City Atty., David J. LaBrec, First Asst. City Atty., El Paso, for appellees.

## OPINION

WARD, Justice.

Richard A. Knapp, as a landowner, sought to temporarily enjoin the City of El Paso and its officers from annexing and interfering with the existing use of his land. His application for temporary injunction was denied, and he appeals on the one point that the trial Court abused its discretion in denying the temporary injunction. We affirm.

The City of El Paso on October 17, 1978, by ordinance, annexed 25,523.18 acres of land adjacent to the City limits, including some 3,680 acres belonging to the Appellant, Knapp. The Appellant advances two reasons why the trial Court was in error, one being that the annexation ordinance was void because it was not authorized by law or color of law. The parties are in agreement that, if the annexation ordinance is void, Knapp as a private person and property owner would have suffered some injury peculiar to himself and therefore could maintain this collateral attack on the annexation proceedings. *Hoffman v. Elliott,* 476 S.W.2d 845 (Tex.1972). Further, the parties are in agreement as to the various steps taken by the City in acquiring the property. The dispute arises because the City, in attempting to comply with the provisions of the Municipal Annexation Act, also had to follow its City Charter provisions requiring additional steps. Section 6, Article 970a, Tex.Rev.Civ.Stat.Ann., the Municipal Annexation Act, provides that before any city may institute annexation proceedings the governing body of the city shall provide an opportunity for all interested persons to be heard at a public hearing to be held not more than twenty nor less than ten days prior to the "institution of such proceedings." Notice of the hearing shall be published in a newspaper and the notice shall be published "at least once in such newspaper not more than twenty (20) days nor less than ten (10) days prior to the hearing." The statute further provides that annexation proceedings shall be brought to completion within ninety days of the date on which the governing body institutes annexation proceedings or be void.

The City of El Paso is a home rule city and as such, under Section 2, Article 1175, Tex.Rev.Civ.Stat.Ann., is given power to annex "according to such rules as may be provided by said charter not inconsistent with the procedural rules prescribed by the Municipal Annexation Act."

Section 3A of El Paso City Charter provides for annexation by City ordinance and requires the following:

[U]pon the introduction of such ordinance in the Council, it shall be published in the official newspaper of the City of El Paso, one time, and shall be not thereafter be acted upon unless at least thirty (30) days have elapsed after said publication, . .

The following steps were followed by the City in connection with the annexation of the Appellant's land:

1. On July 11, 1978, a motion was passed by the City Council authorizing the City Clerk to initiate annexation proceedings.

2. On August 3, 1978, newspaper notice was published advising of a public hearing before the City Council on August 22, 1978, concerning the annexation. This complied with the Annexation Act requiring that notice be published not less than ten nor more than twenty days before the hearing.

3. On August 22, 1978, the public hearing was held by the City Council and motion was passed deferring further action on the matter until September 5, 1978. (The City contends this was done because the Annexation Act requires that public hearing must be held not more than twenty days nor less than ten days prior to "institution" of the annexation proceedings.)

4. On September 5, 1978, the annexation ordinance was introduced at a meeting of the City Council, and resolution was then passed noting this fact, and the City Clerk was directed to publish said ordinance and notice as provided in the Charter. (As re-

quired by Section 3A of the Charter and pursuant to the resolution, a notice was then published on September 8, advising that the City Council would consider its adoption at a regular meeting on October 10.)

5. The annexation ordinance was passed on first reading on October 10, 1978, and on second reading on October 17, 1978.

The City contends that it not only complied with the Charter provisions, but that the annexation proceedings were completed within ninety days of September 5, 1978, as that was the date when annexation proceedings were instituted since the ordinance was introduced at that City Council meeting. On the other hand, the Appellant attacks the proceedings claiming that the Annexation Act was violated because the public hearing was on August 22 and the ordinance was not passed on first reading until October 10.

■ The Supreme Court has held that full compliance with the statutory requirements of notice and hearing are necessary to the validity of an annexation ordinance. *City of Duncanville v. City of Woodland Hills,* 489 S.W.2d 557 (Tex.1972); *Fuller Springs v. State ex rel. City of Lufkin,* 513 S.W.2d 17 (Tex.1974). In those two cases, the respective ordinances under consideration passed on first reading less than ten days after the public hearing and, as a result, the Court held the ordinance invalid. The Supreme Court held that passage of the annexation ordinance on first reading constituted the "institution" of annexation proceedings within the meaning of Section 6. In those cases, however, passage of the annexation ordinance on first reading was the first official act by the city council after the public hearing, and the Court did not state that passage of an annexation ordinance on first reading is the exclusive method for instituting annexation proceedings. The Court did not state that annexation proceedings could not be instituted prior to passage of the ordinance on first reading if an additional procedural step be required because of city charter provisions. Here, on September 5th the annexation or-

dinance was introduced at a City Council meeting, and at that meeting the resolution was passed directing the City Clerk to make the publication required by the City Charter. We hold that the introduction of the ordinance was sufficient to meet the statutory requirement when the governing body institutes the annexation proceedings. This interpretation is consistent with Section 2, Art. 1175, Tex.Rev.Civ.Stat.Ann., requiring that annexation proceedings shall continue to be conducted in accordance with "such rules as may be provided by said charter not inconsistent with the procedural rules prescribed by the Municipal Annexation Act." Under Section 3A of the El Paso City Charter, introduction of the annexation ordinance is the City Council's first official act after the public hearing. This harmonizes both the statute and the City Charter provision and gives them both effect. The Appellant's first argument is rejected.

The second reason offered by the Appellant that the trial Court was in error is his claim that he had established various legal non-conforming uses of his land prior to the date of the annexation. The Appellant purchased most of the property in March, 1978. It is rough, uninhabited, mountainous land lying in the main on Mount Franklin at an elevation of from 4500 to 7200 ft. altitude. The Appellant had various plans to develop the property, and constructed extensive roads by the time of the annexation by the City. The Appellant stated that he had opened four quarries, had a partial constructed dam for a proposed lake, a barrow pit, a tin mine, and a communications site. He had been informed by the City on July 13, 1978, that the City was initiating annexation proceedings and was furnished a copy of the motion dated July 11th. After that, his activities could be characterized in some ways as a race to establish non-conforming uses of his property before the annexation was completed. Knapp testified that he had spent over $200,000.00 on his activities but ceased all operations when he received what he termed a stop work order from the City. This was a letter from the City Engi-

neers dated October 19, 1978, informing him that his property had been finally annexed, and that he was to stop all grading, blasting and drilling on the property until he had secured proper permits to operate under the terms of the City's grading ordinance. After the annexation, the land was automatically zoned residential under the City zoning ordinance.

Without going into further details, we note factual disputes as to the amount of work done before and after July 13. There is doubt as to which of his operations would be shut down permanently by the City, and it was not convincingly shown that the granting of relief by temporary injunction to preserve the status quo was required to prevent Knapp from suffering irreparable injury. As the Supreme Court has on several occasions recently said, the merits of the underlying case are not presented for appellate review in an appeal from an order granting or denying a temporary injunction. Such a review is strictly limited to a determination of whether there has been a clear abuse of discretion by the trial court in determining whether the applicant is entitled to a preservation of the status quo pending trial on the merits.

■ Here, the trial Court could have concluded that, if the City wrongfully reduced the valuation of the Appellant's property, it could be required to respond in damages for the inverse condemnation. Further, the trial Court could have concluded that Knapp's contemplated uses of his property would be permitted under the zoning ordinances and under the City's grading ordinance. The exercise by the trial Court of its discretion in denying the temporary injunction will not be disturbed. *Brooks v. Expo Chemical Company, Inc.,* 576 S.W.2d 369 (Tex.1979); *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978).

Appellant's point is overruled, and the judgment of the trial Court is affirmed.