**Ed WOODRUFF, et al., Appellants,**

v.

**CITY OF LAREDO, A Municipal Corporation, et al., Appellees.**

No. 04-84-00118-CV.

Court of Appeals of Texas, San Antonio.

Feb. 13, 1985.

Rehearing Denied March 15, 1985.

John E. Mann, Mann, Freed, Trevino & Hale, Carlos David Castillon, Laredo, Harvey L. Hardy, San Antonio, for appellants.

Anthony C. McGettrick, Laredo, for appellees.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This cause involves a lawsuit seeking both an injunction to prevent the City of Laredo from annexing the Del Mar Conservation District and a declaratory judgment that the City of Laredo was without legal authority to annex the district. The trial court denied injunctive relief and subsequently rendered a summary declaratory judgment adverse to appellants.

The City of Laredo initiated proceedings to annex the Del Mar Conservation District, a municipal utility district, and an adjacent territory, by ordinance under the city charter. The annexation ordinance

was introduced at a city council meeting on February 7, 1984, was adopted February 21, 1984, and became effective March 23, 1984. Appellants appeal from the judgment, which was rendered on February 14, 1984. There was no appeal from the denial of injunctive relief.

■ Appellees filed a motion to dismiss the appeal on grounds of mootness, contending that the annexation ordinance was not before the trial court since it was adopted after the rendition of the judgment. The petition for declaratory judgment, based on the anticipated annexation proceedings, asked the trial court to declare that the City of Laredo was without legal right to annex the Del Mar Conservation District. A declaratory judgment proceeding is intended as a speedy and effective remedy for the determination of the rights of the parties when a real controversy has arisen and even before the wrong has been committed. *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709, 713 (1945). Moreover, when the question presented is one of public interest and of recurrent character, jurisdiction is not lost because a threatened act has become accomplished fact. *Railroad Commission v. Houston Natural Gas Corp.,* 186 S.W.2d 117, 124 (Tex.Civ.App.—Austin 1938, writ ref'd w.o. m.); *see also* TEX.REV.CIV.STAT.ANN. art. 2524–1 (Vernon 1965) (Uniform Declaratory Judgment Act); Calvert, *Declaratory Judgments in Texas,* 14 ST. MARY'S L.J. 11 (1982). The motion to dismiss is overruled.

Appellant's first assignment of error requires that we determine whether the trial court erroneously declared that TEX.REV. CIV.STAT.ANN. art. 1182a (Vernon 1963) is only cumulative in its operation to the charter provisions of the City of Laredo. Specifically, appellants contend that the annexation of the Del Mar Conservation District was void because there was no election by the city or district as required by TEX.REV.CIV.STAT.ANN. art. 1182a, §§ 1–3 (Vernon 1963). They argue that the provisions of article 1182a, *supra,* are expressly cumulative only as to those cities of 100,000 or greater population, but mandatory as to cities with less population. It is undisputed that Laredo has less than 100,000 population.

Article 1182a, § 1 provides in pertinent part, viz:

Whenever the City Commission of any City within this State, acting under and by virtue of any Charter adopted under Home Rule Amendment Article 11, Section 5, of the Constitution of this State, shall initiate or order an election for the extension of the territorial limits of said city, to be submitted to the legally qualified property tax paying voters residing within the territorial limits of said city, to determine whether or not the adjacent territory desired to be annexed shall be included within the territorial limits of said city, said City Commissioners shall at the same time order an election to be held at some convenient place within said city limits, so that the legally qualified property tax paying voters residing in the territory contiguous to said city and proposed to be annexed, may appear and cast their vote for the purpose of determining whether a majority of the legally qualified property tax paying voters residing in said territory proposed to be annexed, favor the annexation of said territory proposed to be annexed.

■ Laredo is a home rule city structured under the provisions of TEX. CONST. art. XI, § 5 and TEX.REV.CIV. STAT.ANN. art. 1175(2) (Vernon 1963). The home rule city in exercising legislative power to annex adjacent territory is restrained only to the extent that "no charter or any ordinance passed under said charter shall contain any provision inconsistent with the Constitution of the State, or of the general laws enacted by the Legislature of this State." *City of Irving v. Dallas County Flood Control District,* 383 S.W.2d 571, 575 (Tex.1964). Section 1.03 of the Charter of the City of Laredo provides in pertinent part, as follows:

The City Council shall have the power by ordinance to fix the boundary limits of the City of Laredo and to provide for the

alteration and extension of said boundary limits, and the annexation of additional territory lying adjacent to the city, with or without the consent of the territory and inhabitants annexed.

Thus it appears that home rule cities have power to annex adjacent territory ... according to provisions of the charter not inconsistent with the procedural rules mandated by the Municipal Annexation Act. *See Sitton v. City of Lindale,* 455 S.W.2d 939, 940 (Tex.1970); TEX.REV.CIV.STAT. ANN. art. 970a (Vernon Supp.1985).

Texas case law, prior to the 1963 enactment of the Municipal Annexation Act, generally held that home rule cities had the power under the charter provisions to annex adjacent territory without the consent of the inhabitants of such land. In *Allen v. City of Austin,* 116 S.W.2d 468, 469 (Tex.Civ.App.—Austin 1938, writ ref'd), the court stated:

We hold that the Constitution, section 5, article 11, and the Legislature, article 1175, subd. 2, and the Charter of the City of Austin, article 1, § 2a, gave the city ample statutory and constitutional authority to annex the territory by ordinance without submitting the question to the qualified voters of the city or of the territory annexed.

Appellants, in citing this case, incorrectly stated that the population of the City of Austin in 1938 was more than 100,000. In *City of Fort Worth v. State ex rel. Ridglea Village,* 186 S.W.2d 323, 327–28 (Tex.Civ. App.—Fort Worth 1945, writ ref'd w.o.m.), the court discussed this question, saying:

Article 1182a cannot be accepted as evidence of a purpose on the part of the Legislature to require the consent of the inhabitants of the territory to be annexed in all cases of annexation, *because it expressly continues in force the right in certain cases to annex territory by ordinance of the city*.... Clearly *there is no general public policy in Texas, either by legislative enactment or by judicial decision, to the effect that territory cannot be annexed without the consent of the inhabitants of such terri-*

*tory*. There is nothing in Article 1182a to indicate an intent on the part of the Legislature to establish a new general policy in this respect. When the caption and the emergency clause, as well as the second and third sections, of Article 1182a are examined, it seems reasonable to believe that *the chief purpose of the act is to provide a method of equalizing taxes in cases where a city annexes territory lying within a water improvement district, or a district of like nature.* When we consider the entire act, together with the caption and the emergency clause, we cannot believe that the Legislature intended by its enactment to abolish the established method of annexing territory by charter amendment. [Emphasis added.]

The Supreme Court in *Sitton v. City of Lindale, supra,* clearly stated that article 970a did not change "home rule" and "general law" cities' power of annexation as such powers existed prior to the enactment of article 970a in 1963. "[S]ince 1913 'home rule' cities have continued to derive their power of annexation from their charter as authorized under Article 1175, Sec. 2." *Sitton,* 455 S.W.2d at 941.

■ Section 4 of article 1182a states the article is not mandatory for cities over 100,000. The express mention or enumeration of one class is tantamount to an express exclusion of all others. *State v. Mauritz-Wells Co.,* 141 Tex. 634, 175 S.W.2d 238, 241 (1943). Accordingly, appellants are correct in their assertion that article 1182a is mandatory for Laredo; it then becomes a question of what is mandated by the article.

■ Appellants contend that article 1182a, when read in conjunction with its caption, requires an election prior to annexation of a water district. While the caption of an Act may be of assistance in ascertaining legislative intent, it is not a part of the statute in the sense that resort to it may be had to control the meaning of clear and unambiguous language which appears in the body of the Act. *Byke v. City of Corpus Christi,* 569 S.W.2d 927, 931–32

(Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). By its own words, the article is triggered "[w]henever the City Commission ... shall initiate or order an election." Because Laredo's city charter permits annexation by ordinance alone, article 1182a is not applicable. *Allen,* 116 S.W.2d at 469; *Sitton,* 445 S.W.2d at 940. Appellants' first point of error is overruled.

In their second point of error, appellants assert that the appellee failed to comply with the hearing requirement of TEX.REV. CIV.STAT.ANN. art. 970a (Vernon Supp. 1985) (Municipal Annexation Act). The Texas Supreme Court has held that full compliance with the statutory requirements of notice and hearing are necessary to the validity of an annexation ordinance. *Fuller Springs v. State ex rel. City of Lufkin,* 513 S.W.2d 17, 19 (Tex.1974); *City of Duncanville v. City of Woodland Hills,* 489 S.W.2d 557, 558 (Tex.1972).

Section 6 of the Municipal Annexation Act mandates that prior to institution of annexation proceedings the governing body of the city "shall provide an opportunity for all interested persons to be heard at two public hearings to be held not more than forty (40) nor less than twenty (20) days prior to institution of such proceedings." Appellee conducted two hearings within the requisite time frame, then held an additional hearing some fourteen days prior to the institution of annexation proceedings in order to satisfy the requirement of the city charter.

In *Duncanville* and *Fuller Springs, supra,* the annexation ordinances were invalid because *no* hearings were held within the statutory time period. *Duncanville,* 489 S.W.2d at 558; *Fuller Springs,* 513 S.W.2d at 19. Thus, these cases are not controlling.

 Article 970a(6) mandates two hearings within the statutory period; it does not expressly limit any hearings held to the designated time frame. Moreover, such an interpretation is inconsistent with the stated purpose of the hearings: providing an opportunity for all interested persons to be heard. Accordingly, we hold that the addi-

tional hearing does not void the annexation ordinance. This harmonizes the statute and the city charter provision and gives them both effect. *Cf. Knapp v. City of El Paso,* 586 S.W.2d 216, 218 (Tex.Civ.App.— El Paso 1979, writ ref'd n.r.e.). The second point of error is overruled.

The judgment of the trial court is affirmed.