Allan LEE, Martha Clark, and
Glenda Dent, Plaintiffs,

v.

Rosemarie SMITH, City Clerk of Beaumont, Texas, in her Official Capacity, and The City of Beaumont, Texas, Defendants.

No. 1:96–CV–0173.

United States District Court,
E.D. Texas,
Beaumont Division.

July 31, 1996.

Edward Jack Lawrence, III, Beaumont, Texas, for Plaintiffs.

Vander Lane Nichols, City Attorney, Beaumont, Texas, for Defendants.

### MEMORANDUM OPINION

COBB, District Judge.

The Plaintiffs, Allan Lee, Martha Clark, and Glenda Dent, filed this action seeking to enjoin the City of Beaumont from holding its May 4, 1996 election for city officers, unless the ballot included a referendum calling for a Citizens' Police Review Board. On March 20, 1996, this Court held a hearing on the Plaintiffs' Request for a Preliminary Injunction. On April 16, 1996, the Court ruled that no preliminary injunction would be issued as the Plaintiffs were unlikely to prevail on their claims at trial. Specifically, the Court found the Plaintiffs' petition for referendum was 910 valid signatures deficient, even using a purged voter list and lenient verification procedures.

On May 7, 1996, Jack Lawrence, the Plaintiffs' counsel, filed a Notice of Dismissal pursuant to Fed.R.Civ.P. 41(a)(1). Plaintiff Lee alleged, after the dismissal notice was actually filed, that he had terminated Mr. Lawrence. Plaintiff Lee also requested a hearing on the Notice of Dismissal. At the hearing, Mr. Lawrence testified he had discovered the voter registration list used by the city clerk was indeed a purged list containing approximately 68,000 individuals. The City Charter required the petition to contain the signa-

tures of 5% (3400) of the registered voters in the City of Beaumont. Lawrence's initial assumption was the list used by the clerk had not been purged of deceased individuals and those no longer living in the city limits. Mr. Lawrence sent a letter to all three Plaintiffs explaining his revised view of the case. Mr. Lawrence testified that on or about May 6, 1996, he spoke with all three Plaintiffs and secured their permission to voluntarily dismiss the case. The Notice of Dismissal was filed the following day. Mr. Lee now contends he did not give his permission for the case to be dismissed.

■ During the lengthy hearing on the matter, the Court heard and observed each witness, their demeanor, their candor and forthrightness (or lack thereof), including the testimony of Plaintiffs Lee, Clark, and Dent, Jack Lawrence, City Attorney Lane Nichols, and *Beaumont Enterprise* Reporter Susan Borrenson. Ms. Borrenson testified that when she spoke with Mr. Lawrence on or near May 6, 1996 (prior to the filing of the Notice of Dismissal), it was her impression that Mr. Lawrence believed he had permission to dismiss the case. Reviewing all of the evidence presented at the hearing, the Court finds that on May 7, 1996, Mr. Lawrence was acting with apparent and actual authority when he filed the Notice of Dismissal without prejudice.

Further, Mr. Lawrence was acting in the best interests of his clients when he filed the Notice of Dismissal. Mr. Lawrence expressed his concern that, based upon his new information, the case might be considered frivolous and sanctions imposed. Dismissal without prejudice was correct since the city had not yet filed an answer to the complaint. His view is well-supported by the facts presented in the original hearing for preliminary injunction. The Plaintiffs charge that their rights were violated when the city clerk did not certify the petition as being timely filed. As Mr. Lawrence and the Plaintiffs are aware, the clerk accepted the petition and attempted to verify the signatures in spite of her opinion it was not timely filed. If the petition had contained the requisite number of signatures, the clerk's failure to certify the petition as timely would certainly have caused the Plaintiffs injury. Were that the case, it is improbable Mr. Lawrence would have obtained his clients permission to dismiss the case. Mr. Lawrence's wisdom in recognizing the error of earlier contentions and advising his clients to act accordingly is to be commended. Moreover, Mr. Lawrence was aware of the Plaintiffs' financial constraints and was concerned that once the city filed an answer to the original complaint, the Plaintiffs would incur additional costs and possible sanctions.

■ As this case is being voluntarily dismissed, it is unnecessary for the Court to address the propriety of the clerk's refusal to certify the petition as timely filed on the 61st day. When city charter provisions or local regulations are inconsistent with state statutory law, the state's laws prevail. *See Woodruff v. City of Laredo*, 686 S.W.2d 692, 694 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.) (citing *City of Irving v. Dallas County Flood Control Dist.*, 383 S.W.2d 571, 575 (Tex.1964)). The Court trusts the City Attorney and the City Council will continue their vigilant efforts to comply with applicable state laws.

■ Because of the unusual nature of the two previous hearings in this case, Plaintiff Lee, *pro se*, was allowed by the Court to act as the *de facto* attorney for Ms. Dent and Ms. Clark at the second hearing. This would be inappropriate in any subsequent hearing. In addition, Lee has had two overly long hearings on his allegations, and has not yet established any factual basis to support his right to any relief based on his attempted initiative and referendum. Lee has stated to the Court he has contacted lawyers who have agreed to represent him, Ms. Dent, and Ms. Clark at any future hearings. Indeed, that was the basis for his previously denied Motion for Continuance. Based on his performance to date, the Court finds that he is incapable of presenting, in a clear, concise, and logical manner, the complaint he alleges. For these reasons, and based on his representations (which the Court must assume were made in good faith) that he can and will employ attorneys admitted to this Court, the Clerk of the Court will be instructed not to accept any of the Plaintiffs' future filings

against City of Beaumont on the issues previously brought before the Court, unless the Plaintiffs are represented by counsel or unless good cause is shown and leave of court is granted.