TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00024-CV






City of Austin, Appellant



v.



L. S. Ranch, Ltd., and Circle C Land Corp., Appellees






FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT


NO. 97-1048, HONORABLE JACK ROBISON, JUDGE PRESIDING 






 Appellees L. S. Ranch, Ltd. and Circle C Land Corporation, landowners, filed suit
against appellant, City of Austin, seeking a declaration that a proposed annexation by the City was
invalid. See Tex. Civ. Prac. & Rem. Code Ann. § 37.004 (West 1997). The City filed a plea to
the jurisdiction asserting the absence of a justiciable controversy. The trial court denied the plea,
and the City perfected this interlocutory appeal. We will dismiss the appeal as moot.


FACTUAL AND PROCEDURAL BACKGROUND

 On October 31, 1997, appellees made the requisite filings in the real property
records of Hays and Travis Counties to create a "water quality protection zone" (hereinafter "the
Zone"). See Tex. Water Code Ann. § 26.179(d) (West Supp. 1998). Later that same day,
appellees filed this suit against the City seeking a declaration that (1) section 26.179 of the Water
Code is a valid statute, (2) the Zone was properly designated and became effective upon filing in
the real property records, and (3) Austin may not annex areas within the Zone nor enforce any of
its ordinances within the Zone. Appellees' petition alleged that the City had earlier published
notice of its intent to adopt an ordinance annexing into the City an area of land that included the
Zone. The appellees' petition alleged that after creation of the Zone, such annexation was
statutorily prohibited. (1)

 The City responded to appellees' suit by filing several pleadings, including a plea
to the jurisdiction. On December 11, the district court held a hearing on the City's plea to the
jurisdiction. On January 20, 1998, the court signed an order denying the plea. The City perfected
this interlocutory appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp.
1998). On appeal, the City asserts that appellees' petition fails to allege a ripe, justiciable
controversy, but instead asks the trial court to render an advisory opinion.


DISCUSSION

Interlocutory Appeal Under Section 51.014(a)(8)

 Appellees first assert that this Court does not have jurisdiction to hear this appeal
because the Civil Practice and Remedies Code provision on which the City relies allows such
interlocutory appeals only when the asserted lack of jurisdiction in the trial court is based on
sovereign immunity. The relevant statute provides: "A person may appeal from an interlocutory
order of a district court, county court at law, or county court that: . . . grants or denies a plea to
the jurisdiction by a governmental unit as that term is defined in Section 101.001." Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 1998). Section 101.001 defines
"governmental unit" to include "a political subdivision of this state, including any city." Id.
§ 101.001(3)(B). Notwithstanding the literal terms of the statute, appellees contend section
51.014(a)(8) was not intended to allow an interlocutory appeal from the denial of any plea to the
jurisdiction filed by a governmental entity, but only from the denial of a plea that is based on
sovereign immunity.

 The primary rule of statutory interpretation is that a court must look to the intent
of the legislature and must construe the statute so as to give effect to that intent. Mitchell Energy
Corp. v. Ashworth, 943 S.W.2d 436, 438 (Tex. 1997). When determining legislative intent,
courts look to the language of the statute, legislative history, the nature and object to be obtained,
and the consequences that follow alternate constructions. Id.; Sharp v. House of Lloyd, Inc., 815
S.W.2d 245, 249 (Tex. 1991); see Tex. Gov't Code Ann. § 311.023 (West 1988). If possible,
however, we are to discern legislative intent from the plain meaning of the words of the statute. 
See Monsanto v. Cornerstones Mun. Util. Dist., 865 S.W.2d 937, 939 (Tex. 1993).

 Through a plea to the jurisdiction, a movant may raise any ground on which the
movant claims the court has no subject-matter jurisdiction. Therefore, a governmental unit that
has been sued is not limited to the issue of sovereign immunity, but may file a plea to the
jurisdiction on any appropriate basis. Appellees suggest, however, that by referencing the
definition of "governmental unit" contained in the Tort Claims Act, the legislature meant section
51.014(a)(8) to apply only to situations in which sovereign immunity was the asserted basis for
the plea to the jurisdiction.

 The language of section 51.014(a)(8) does not contain the suggested limitation. 
Nonetheless, appellees assert that the provision's legislative history supports such a construction. 
Subsection (a)(8) was added by Senate Bill 453 of the 74th Legislature. See Act of May 27, 74th
Leg., R.S., ch. 1296, § 1, 1997 Tex. Gen. Laws 4936, 4937. The sponsor of the bill, Senator
Robert Duncan, stated that the purpose of the subsection was to add to the list of orders eligible
for interlocutory appeal "the granting or denying a plea to the jurisdiction by a government unit;
that is whether or not a government may--governmental unit may be sued." Hearing on Tex. S.B.
453 before the Senate Committee on Jurisprudence, 74th Leg. R.S. 2-3 (Feb. 24, 1997). This
testimony does not conclusively demonstrate the restriction appellees assert. While sovereign
immunity is one reason a trial court may lack jurisdiction over a suit against a governmental unit,
so too are other jurisdictional requirements. Senator Duncan's comments do not necessarily show
that the legislature intended for a governmental unit to be limited in perfecting interlocutory
appeals to pleas to the jurisdiction based on sovereign immunity.

 Appellees also point to testimony of an assistant attorney general, Carey Smith, that
the need for an interlocutory appeal of a plea to the jurisdiction order arises in contract suits filed
against the State notwithstanding its immunity from suit. Id. at 10-15. Smith testified to the high
cost of defending those suits until sovereign immunity is vindicated on appeal after final judgment. 
Id. at 10. As with Senator Duncan's comments, this testimony demonstrates one basis for the
statute, but does not suggest the exclusion of other bases. The high cost of defending a suit against
a governmental entity, borne ultimately by the public, is strong motivation for allowing any
jurisdictional issue to be resolved before the merits of the suit are litigated. Neither Smith's nor
Duncan's testimony purported to address the limits of section 51.014(a)(8).

 Appellees also point to a bill analysis of S.B. 453, which states: "to avoid
overloading the appellate courts on routine motions, the bill would limit subject matter jurisdiction
interlocutory appeals to cases involving government entities sued under the Tort Claims Act." 
House Research Organization, Bill Analysis, Tex. S.B. 453, 74th Leg., R.S. (1997), at 15. This
statement, however, does not purport to be an objective analysis of the bill, but rather is contained
in the section of the report summarizing what the bill's supporters say about it. Moreover, the
bill analysis from the House and Senate committees considering the bill both simply state that the
bill "provides for an interlocutory appeal from an order granting or denying a plea to the
jurisdiction by a government unit," without discussing any restriction that such pleas must be
based on sovereign immunity. See Senate Comm. on Jurisprudence, Bill Analysis, Tex. S.B. 453,
74th Leg., R.S. (1997); House Comm. on Civil Practices, Bill Analysis, Tex. S.B. 453, 74th
Leg., R.S. (1997).

 We acknowledge our earlier holding that statutes providing for interlocutory appeals
should be strictly construed. See Tobor v. Turner of Texas, Inc., 668 S.W.2d 831, 835 (Tex.
App.--Austin 1984, no writ). We may not, however, by implication enlarge the meaning of any
statutory term beyond its ordinary meaning if legislative intent can be gathered from a reasonable
construction of the statute as written. See Sorokolit v. Rhodes, 889 S.W.2d 239, 241 (Tex. 1994);
see also Hunter v. Fort Worth Capital Corp., 620 S.W.2d 547, 552 (Tex. 1981) (courts can insert
additional words into statutory provision only when necessary to give effect to clear legislative
intent). The legislative history here is not sufficiently clear or compelling to require us to add a
restriction to the statute that the legislature did not provide. We conclude that the present
interlocutory appeal was proper under section 51.014(a)(8).


Jurisdictional Allegations and Mootness

 When the issue of jurisdiction is raised in the trial court, a reviewing court looks
to the pleadings to determine if they allege facts that demonstrate the court's jurisdiction. Texas
Ass'n of Business v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). However, even
a failure to allege sufficient facts to demonstrate jurisdiction does not necessarily authorize
immediate dismissal:


This rule (that a petition must state a case within the jurisdiction of the court)
however, is to be applied in connection with another rule; namely, that the mere
failure of a petition to state [a] cause of action does not show want of jurisdiction
in the court. It is only where the court can see from the allegations of a pleading
that, even by amendment, no cause of action can be stated consistent with the facts
alleged that it can be said that the court is without jurisdiction. If the court can see
that the nature of the different items claimed is such that, by amendment, they may
be shown to be recoverable, then there is involved only a question of the
sufficiency of the pleading, and not of the jurisdiction of the court.


Bybee v. Fireman's Fund Ins. Co., 331 S.W.2d 910, 917 (Tex. 1960) (quoting Lone Star Finance
Corp. v. Davis, 77 S.W.2d 711, 715 (Tex. Civ. App.--Eastland 1934, no writ)). Thus, if the
plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively
show a lack thereof, the proper remedy is to allow the plaintiff an opportunity to amend before
dismissing. Peek v. Equipment Serv. Co., 779 S.W.2d 802, 805 (Tex. 1989); see Texas Ass'n of
Business, 852 S.W.2d at 446. It is, of course, possible for a party to plead facts that affirmatively
demonstrate an absence of jurisdiction. See Peek, 779 S.W.2d at 804. Because such a defect is
incurable, immediate dismissal of the case is proper in that circumstance. See City of Garland v.
Louton, 691 S.W.2d 603, 605 (Tex. 1985).

 The Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code Ann.
§§ 37.001-.011 (West 1997), does not enlarge the jurisdiction of Texas courts. State v. Morales,
869 S.W.2d 941, 947 (Tex. 1994). The asserted dispute must already be within the court's
jurisdiction. Id. Relief is appropriate only if a justiciable controversy exists as to the rights and
status of the parties and the controversy will be resolved by the relief sought. Bonham State Bank
v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995). A controversy is justiciable only if there exists a
real and substantial controversy involving a genuine conflict of tangible interests and not merely
a theoretical dispute. Id.

 In the present case, at the time the order denying the plea to the jurisdiction was
signed, the material allegations in appellees' live petition were that, before the Zone was created,
the City had "published notice of its intention to adopt an ordinance annexing an area of land,
including the Zone, in the city limits of Austin" and that the Zone was in existence when the
original petition was filed. The City contends the pleading of a mere threat to annex the Zone is
not enough to demonstrate a ripe controversy. Cf. City of Garland, 691 S.W.2d at 605
(declaratory judgment action to declare a referendum statute unconstitutional is not ripe if brought
before election is held); Coalson v. City Council of Victoria, 610 S.W.2d 744, 747 (Tex. 1980)
(declaratory judgment on constitutionality of proposed charter amendment is not justiciable before
actual election on the amendment is held).

 Assuming without deciding that the mere threat of annexation would not, under the
present circumstances, sufficiently demonstrate a justiciable controversy, nonetheless such an
allegation does not affirmatively demonstrate a lack of jurisdiction. Given an opportunity to
amend, appellees might plead other facts that demonstrate a justiciable controversy. (2) Therefore,
because appellees' petition is at most merely insufficient to demonstrate jurisdiction, without
affirmatively showing a lack thereof, the trial court would have been required to give appellees
an opportunity to amend before dismissing.

 When reversing a trial court's judgment, an appellate court is generally obligated
to render the judgment that the trial court should have rendered. Tex. R. App. P. 43.3. 
Therefore, even if appellees' original petition were inadequate to show jurisdiction, the foregoing
rule would mean we would be called on to grant appellees an opportunity to amend and attempt
to cure the deficiency (or remand with instructions that the trial court grant such an opportunity).

 Appellees have filed in this Court a motion to dismiss the City's appeal. Attached
as an exhibit to appellees' motion is a sworn copy of a "Second Amended Petition" that appellees
have filed in the district court. (3) Appellees allege in that petition that the City has carried out the
threatened annexation. (4) This allegation demonstrates a ripe, justiciable controversy. Thus, even
if we agreed fully with the City as to the merits of its appeal, the relief we would grant has already
been accomplished.

 A case is moot "when the issues presented are no longer 'live' or the parties lack
a legally cognizable interest in the outcome." Camarena v. Texas Employment Comm'n, 754
S.W.2d 149, 151 (Tex. 1988); see also VE Corp. v. Ernst & Young, 860 S.W.2d 83, 84 (Tex.
1993) (appeal is moot when court's action on merits cannot affect rights of parties); Board of
Adjustment, Corpus Christi v. McBride, 676 S.W.2d 705, 709 (Tex. App.--Corpus Christi 1984,
no writ) (cause becomes moot when appellate court's judgment "cannot have any practical legal
effect upon a then-existing controversy"). In the present case, because appellees have already
amended their petition in the trial court to allege a justiciable controversy, the present appeal no
longer presents a live issue. Any order this Court might issue instructing the trial court to dismiss
the cause after granting appellees an opportunity to amend would be pointless.


CONCLUSION

 Because this interlocutory appeal has been rendered moot by further proceedings
in the district court, we dismiss the appeal for want of jurisdiction.



 

 J. Woodfin Jones, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Appeal Dismissed for Want of Jurisdiction

Filed: June 11, 1998

Publish

1. The statute providing for the creation of water quality protection zones states:


A water quality protection zone may be annexed by a municipality only after the
installation and completion of 90 percent of all facilities and infrastructure described
in the water quality plan for the entire zone as being necessary to carry out such plan
or the expiration of 20 years from the date of designation of the zone, whichever
occurs first.


Water Code § 26.179(i).
2. The City asserts that nothing occurring after the filing of the original petition can be
considered in determining the existence of a justiciable controversy, citing FX Hooper Co. v.
Samuel M. Langston Co., 56 F. Supp. 577, 582 (D. N.J. 1944). We disagree. The Texas
Supreme Court has implied that cases can "ripen" after originally filed. See Camarena v. Texas
Employment Comm'n, 754 S.W.2d 149, 151 (Tex. 1988) (stating that even by the time judgment
was rendered, case had not ripened into a justiciable controversy); see also Woodruff v. City of
Laredo, 686 S.W.2d 692, 694 (Tex. App.--San Antonio 1985, writ ref'd n.r.e.) (affirming
declaratory relief adverse to landowners although judgment was rendered while annexation
proceedings were still being conducted by the city). Moreover, the City ignores the possibility
that a plaintiff might be able to plead additional facts that occurred before the filing of the lawsuit. 
Finally, we note that this is not a typical appeal from the granting of a plea to the jurisdiction,
which would be a final judgment and thus provide a natural "end point" for determining
justiciability, but an interlocutory appeal from the denial of such a plea.
3. The interlocutory appeal here did not stay proceedings at the trial court except for
commencement of a trial. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b) (West Supp.
1998). The amended petition comes to this Court in appellee's "Motion to Dismiss Interlocutory
Appeal as Moot" and thus is properly before us for purposes of determining our jurisdiction. Tex.
R. App. P. 10.2.
4. The amended petition also deletes appellees' request for a declaratory judgment that section
26.179 of the Water Code is valid. The City had asserted that the trial court here did not have
jurisdiction to declare the statute valid in the absence of a real controversy before the court. 
Again, even assuming the City is correct in that regard, appellees would be granted an opportunity
to amend their petition before dismissal could be proper.


(4) This allegation demonstrates a ripe, justiciable controversy. Thus, even
if we agreed fully with the City as to the merits of its appeal, the relief we would grant has already
been accomplished.

 A case is moot "when the issues presented are no longer 'live' or the parties lack
a legally cognizable interest in the outcome." Camarena v. Texas Employment Comm'n, 754
S.W.2d 149, 151 (Tex. 1988); see also VE Corp. v. Ernst & Young, 860 S.W.2d 83, 84 (Tex.
1993) (appeal is moot when court's action on merits cannot affect rights of parties); Board of
Adjustment, Corpus Christi v. McBride, 676 S.W.2d 705, 709 (Tex. App.--Corpus Christi 1984,
no writ) (cause becomes moot when appellate court's judgment "cannot have any practical legal
effect upon a then-existing controversy"). In the present case, because appellees have already
amended their petition in the trial court to allege a justiciable controversy, the present appeal no
longer presents a live issue. Any order this Court might issue instructing the trial court to dismiss
the cause after granting appellees an opportunity to amend would be pointless.


CONCLUSION

 Because this interlocutory appeal has been rendered moot by further proceedings
in the district court, we dismiss the appeal for want of jurisdiction.



 

 J. Woodfin Jones, Justice

Before Chief Justice Yeakel, Justices Aboussie and Jones

Appeal Dismissed for Want of Jurisdiction

Filed: June 11, 1998

Publish

1. The statute providing for the creation of water quality protection zones states:


A water quality protection zone may be annexed by a municipality only after the
installation and completion of 90 percent of all facilities and infrastructure described
in the water quality plan for the entire zone as being necessary to carry out such plan
or the expiration of 20 years from the date of designation of the zone, whichever
occurs first.


Water Code § 26.179(i).
2. The City asserts that nothing occurring after the filing of the original petition can be
considered in determining the existence of a justiciable controversy, citing FX Hooper Co. v.
Samuel M. Langston Co., 56 F. Supp. 577, 582 (D. N.J. 1944). We disagree. The Texas
Supreme Court has implied that cases can "ripen" after originally filed. See Camarena v. Texas
Employment Comm'n, 754 S.W.2d 149, 151 (Tex. 1988) (stating that even by the time judgment
was rendered, case had not ripened into a justiciable controversy); see also Woodruff v. City of
Laredo, 686 S.W.2d 692, 694 (Tex. App.--San Antonio 1985, writ ref'd n.r.e.) (affirming
declarat