**FULLER SPRINGS, Petitioner,**

v.

**STATE of Texas ex rel. CITY OF LUFKIN, Respondent.**

No. B–4483.

Supreme Court of Texas.

July 17, 1974.

Rehearing Denied Sept. 24, 1974.

William Drew Perkins, Lufkin, for petitioner.

Robert L. Flournoy, Lufkin, for respondent.

STEAKLEY, Justice.

This is a proceeding in quo warranto filed by the State of Texas by and through the District Attorney of Angelina County upon the relation of the City of Lufkin seeking to have the incorporation of the town of Fuller Springs declared void on the ground that Lufkin had previously obtained extraterritorial jurisdiction over the land in question. See Art. 970a, Sec. 3, subd. A(2).[1] Trial was originally to the jury; after hearing evidence, the trial court withdrew the case from the jury and rendered judgment for the State of Texas ex rel City of Lufkin. The Court of Civil Appeals affirmed with a divided court. 503 S.W.2d 351. We reverse and render.

The facts and sequence of events are not in dispute. On August 17, 1971, the City Commissioners of Lufkin authorized, on the oral motion of the City Manager, preparation of a proposed annexation ordinance and publication of notice of a hearing thereon. See Art. 970a, Sec. 6. Accordingly, notice of the hearing on the proposed annexation was published in the local newspaper on August 27, 1971. Three days later, on August 30, citizens of the Fuller Springs area filed a petition for incorporation with the County Judge pursuant to Art. 1133, et seq, and the election for the proposed incorporation was set for September 14. On September 7, the hearing on Lufkin's proposed annexation ordinance No. 1479 was held and on this same day the ordinance was passed on the first reading. The Fuller Springs election was held on September 14, and incorporation of the area was approved.

The territory sought to be annexed by the Lufkin ordinance would bring a portion of the land incorporated by Fuller

1. The statutory references are to Vernon's Annotated Texas Civil Statutes.

Springs within the extraterritorial jurisdiction of Lufkin and hence, if valid, would preclude the Fuller Springs incorporation. So it was, as later noticed in more detail, that the State ex rel City of Lufkin rested its right to relief in quo warranto upon the alleged validity of the Lufkin annexation ordinance No. 1479.

■ We are met at the outset, then, with the fact that the Lufkin ordinance was passed on the same day of the requisite public hearing and hence the annexation proceedings instituted thereby were not in compliance with Art. 970a, Sec. 6.[2] We held in City of Duncanville v. City of Woodland Hills, 484 S.W.2d 111 (Tex. Civ.App. writ ref'd n.r.e.), 489 S.W.2d 557 (Tex.1972), that full compliance with the statutory requirements of notice and hearing is necessary to the validity of an annexation ordinance, and that an ordinance is invalid when the annexation proceedings are commenced less than ten days after the public hearing.

Notwithstanding, the trial court declared the Lufkin ordinance valid and decreed the Fuller Springs incorporation to be illegal and void, presumably in the conclusion that Lufkin had previously established its jurisdiction over a portion of the area incorporated by Fuller Springs.

■ While recognizing the invalidity of the Lufkin ordinance under *Duncanville,* the majority of the intermediate court was of the view that this question was not before the trial court and was not litigated. The majority appears to have been of the view that the validity of the Lufkin ordinance could not be put in issue by Fuller Springs except by the filing of a cross action in the nature of a proceeding in quo warranto. We disagree. In the first place, it is the recognized view that quo warranto proceedings are those through which the State acts to protect itself and the good of the public generally, through the duly chosen agents of the State who have full control of the proceeding. *See* Staples v. State, 112 Tex. 61, 245 S.W. 639 (1922); State ex rel Candler v. Court of Civil Appeals, Fourth Supreme Judicial Dist., 123 Tex. 549, 75 S.W.2d 253 (1934). The State is the real prosecutor of such a suit. Ellis v. State, 383 S.W.2d 635 (Tex.Civ.App. 1964, no writ). Fuller Springs was thus foreclosed from seeking relief in quo warranto by cross action since the State itself brought the proceeding in question. Apart from this, however, the right to the relief sought by the State ex rel. Lufkin rested altogether on Lufkin's ordinance No. 1479 [3] and it was the

2. The Municipal Annexation Act, Tex.Rev. Civ.Stat.Ann. art. 970a, § 6 (1963) provides: "Before any city may institute annexation proceedings, the governing body of such city shall provide an opportunity for all interested persons to be heard at a public hearing to be held not more than twenty (20) days nor less than ten (10) days prior to institution of such proceedings . . . ."

3. The allegations and prayer for relief were as follows, with italics for emphasis: "The lawful jurisdiction and corporate authority of Relator, City of Lufkin, exercised within its City boundaries and corporate limits *as extended, fixed and determined by Relator's ordinance No. 1479* of the ordinances of the City of Lufkin, has been wrongfully and unlawfully invaded and usurped by the Respondent, Fuller Springs, by virtue of its purporting to act as a municipal corporation organized under the laws of the State of Tex-

as, but in truth and fact the said Fuller Springs was not legally incorporated as a Town or Village under the laws of the State of Texas and its efforts to incorporate under such laws of the State of Texas was illegal and void for the reasons hereafter alleged." "*The Relator, City of Lufkin, has complete and exclusive jurisdiction over all of the land and territories described in its Ordinance No. 1479, and the area extending one mile therefrom, and by virtue of such ordinance* the Relator is and was at the time of the unlawful assumption and usurpation of authority by said Fuller Springs the only municipal corporation in the State of Texas having jurisdiction over the territory described in such ordinance, and such territory is a part of the City of Lufkin and its extraterritorial jurisdiction and is not subject to being incorporated into a separate municipality by Fuller Springs." "WHEREFORE, PREMISES CONSIDERED, State of Texas, Petitioner, and the City of Lufkin, Relator, respectfully pray

burden of the State to establish its validity. Lufkin could not acquire jurisdiction over the area in question, as it asserted, except by a valid and effective annexation proceeding.

■ The general denial filed by Fuller Springs to the pleadings of the State ex rel Lufkin was not an attack on the ordinance but served to join issue on its validity. This was all that Fuller Springs was required to plead in defense. *See* Stayton, The General Issue in Texas, 7 Tex.L.Rev. 345, 9 Tex.L.Rev. 1, where the conclusions are drawn that the general denial has been a proper answer in quo warranto proceedings since 1879 and perhaps for the preceding twenty years; and that in such proceedings the burden is not on the defendant to justify. As we have noted, Lufkin's ordinance No. 1479 shows on its face to have been passed on the same day of the hearing required by Art. 970a, Sec. 6, and this is not disputed. This procedure did not meet the conditions imposed by the statute for the institution of annexation proceedings, and hence was ineffective in extending Lufkin's extraterritorial jurisdiction so as to preclude the incorporation of Fuller Springs. Accordingly, the State ex rel. Lufkin was not entitled to the relief it sought in quo warranto.

The judgments below are reversed and judgment is here rendered that the State ex rel Lufkin take nothing.

to this Honorable Court that the Respondent, Fuller Springs, be cited to appear herein and show by what warrant or authority under the Constitution and laws of this State, Respondent has taken the action complained of and that upon final hearing, Petitioner and Relator have judgment of this cause:

(a) declaring the election under which the said Fuller Springs purported to to [sic] be incorporated as a municipal corporation to be held to be null and void and of no force and effect;

(b) *that Ordinance No. 1479 of the City of Lufkin be held to be a valid annexation ordinance of the said City of Lufkin and that the territory described in said ordinance be declared to be a part of the City of Lufkin* for all purposes and that the City of Lufkin be granted extraterritorial jurisdiction over the area extending one mile from the area annexed by Ordinance No. 1479.

(c) that Fuller Springs does not exist as a legally incorporated village under the laws of the State of Texas and that persons or any individuals purporting to act as officials of Fuller Springs are not authorized to act as as [sic] officials of Fuller Springs and that said Fuller Springs does not exist as a legally incorporated municipality under the laws of the State of Texas."