NO. 12-01-00007-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS




SUNCHASE CAPITAL GROUP, INC.
§
 APPEAL FROM THE 

AND JODEE NULL,

APPELLANTS


V.
§
 COUNTY COURT AT LAW OF


CITY OF CRANDALL,

APPELLEE
§
 KAUFMAN COUNTY, TEXAS







 Sunchase Capital Group, Inc. ("Sunchase") and Jodee Null ("Null") (collectively
"Appellants") appeal the trial court's order dismissing their lawsuit for want of jurisdiction and the
entry of a take-nothing judgment in favor of Appellee, City of Crandall (the "City"). Appellants
raise three issues on appeal. We affirm and modify the trial court's order.


Background

 Sunchase acquired a tract of land in rural Kaufman County (the "County"), which it planned
to develop as a residential subdivision in accordance with the County's subdivision requirements.
In preparation for such development, Sunchase purchased water pipe it planned to install and
incurred unspecified expenses for engineering services. Null, who owned property near Sunchase's,
along with other landowners, petitioned the county judge to incorporate the town of Quail Country,
which would include Null's land and the Sunchase Tract. 

 In late 1999, the City passed three annexation ordinances. The first two ordinances annexed
a pair of adjacent, parallel strips of land. The third ordinance annexed another tract connected to the
original city limits by one of the strips. Although not within the annexed area, Appellants' land was
now within the City's newly expanded extraterritorial jurisdiction ("ETJ"), which enabled the City
to regulate subdivisions, (1) such as Sunchase's, and to prevent incorporation of a new municipality, (2)
such as Quail Country. 

 After passage of the annexation ordinances, the City notified the county judge that the
proposed town of Quail Country was now within its ETJ, and the county judge refused to call the
requested election. Sunchase, later joined by Null, filed the instant suit seeking a declaratory
judgment that the annexation ordinances were void and that a writ of mandamus issue ordering the 
county judge to call an election for the incorporation of Quail Country. The City filed a plea to the
jurisdiction, which the trial court granted. Appellants nonsuited their claims against the county
judge, and brought this appeal contending the trial court erred in dismissing their declaratory
judgment action for want of jurisdiction. (3) 


Standard of Review


 A trial court's order granting a plea to the jurisdiction is a question of law that we review de
novo. See Godley Independent School District v. Woods, 21 S.W.3d 656, 658 (Tex. App.- Waco
2000, pet. denied). A plaintiff must plead facts which affirmatively show that the trial court has
jurisdiction. See Texas Association of Business v. Texas Air Control Board, 852 S.W.2d 440, 446
(Tex. 1993). Absent an allegation that the plaintiff's jurisdictional pleadings are fraudulent, we must
take the allegations in the petition as true and construe them liberally in favor of the plaintiff. See
Woods, 21 S.W.3d at 658.


Standing

 The City argues the trial court was correct in dismissing this cause for want of jurisdiction
because Sunchase, as a private party who did not own property within the annexed area, did not have
standing to challenge the annexation ordinances. Sunchase argues that it had standing because, as
an owner of property within the City's expanded ETJ, its property rights were impaired by 
imposition of the City's subdivision requirements.

 The power of a city to annex territory is conferred by Article XI, section 5 of the Texas
Constitution, and the legislature has provided the mechanism by which a city may so act. See Tex.
Loc. Gov't. Code Ann. § 43.021 (Vernon 1999). Generally, the only appropriate mechanism for
challenging the validity of an annexation is a quo warranto proceeding, in which "the State acts to
protect itself and the good of the public generally, through the duly chosen agents of the State who
have full control of the proceeding." Alexander Oil Co. v. City of Seguin, 825 S.W.2d 434, 437
(Tex. 1991), quoting Fuller Springs v. State ex rel. City of Lufkin, 513 S.W.2d 17, 19 (Tex. 1974);
see Laidlaw Waste Systems (Dallas), Inc. v. City of Wilmer, 904 S.W.2d 656, 658 (Tex. 1995). 
However, under limited circumstances, a private party may collaterally attack an annexation
ordinance as void, as opposed to voidable.

 In City of West Lake Hills v. City of Austin, 466 S.W.2d 722 (Tex. 1971), the Texas
Supreme Court set forth the requirements for a private party to have standing to collaterally attack
an annexation ordinance as follows:


 It is well established that private parties who are directly affected may collaterally attack a void
incorporation or annexation. However, even if the municipal act is void, the private party must suffer
some burden peculiar to himself to acquire standing to sue. Most commonly that special burden
is the imposition of tax. Otherwise, no action lies by the individual to restrain an interference with the
public interest.


Id. at 727. (emphasis added, citations omitted). In West Lake, private parties who owned property
within the City of West Lake Hills' ETJ sought to collaterally attack the City of Westlake's 
incorporation and annexation which placed their land within its ETJ. By their land's inclusion in
West Lake's ETJ the plaintiffs were prevented from seeking annexation by the City of Austin, which
they preferred. In holding that the private property owners lacked standing the Court stated: 


 The City of West Lake Hills has imposed no burden upon these property owners by taxation or
otherwise. The evidence shows that the market value of their land is increasing. Their position is no
better than that of the plaintiffs in San Antonio Conservation Society v. San Antonio, 250 S.W.2d
259 (Tex. Civ. App. - Austin 1952, writ ref'd), who alleged their property would depreciate in value
as a result of the building of a proposed bridge over the San Antonio River; nor is the grievance any
greater than the complaint in Harrell v. Lynch, 65 Tex. 146 (1885) where the moving of the county
seat lessened the value of the plaintiffs' property.



Id. at 727; see also Hoffman v. Elliot, 476 S.W.2d 845, 846 (Tex. 1972).

 We now turn to the allegations contained within Plaintiffs' Second Amended Petition for
Declaratory Judgment, in which plaintiffs allege that (1) they have been damaged by being prohibited
from incorporating Quail Country, (2) that Sunchase must now comply with the City's more costly
subdivision rules and regulations, (3) that Sunchase has purchased water pipe (4) which does not meet
the City's standards and specifications, and (4) that Sunchase has expended unspecified sums for
engineering services and preparation of the property which would be wasted if it was required to
comply with the City's subdivision requirements. Even taking these allegations as true and
construing them liberally in Sunchase's favor, we do not see how these alleged burdens are any
different, special or peculiar than those that ordinarily and indirectly result from a City's exercise
of its power of annexation. 

 Certainly, being prohibited from incorporating a municipality or being subject to the City's
subdivision requirements are not peculiar burdens because they are the ordinary consequences
burdening the general public, whose land falls within a city's ETJ. See Tex. Loc. Gov't Code Ann.
§§ 42.041, 212.002 and 212.003; see also, e.g., City of Murphy v. City of Parker, 932 S.W.2d 479,
481 (Tex. 1996); Quick v. City of Austin, 7 S.W.3d 109, 120 (Tex. 1999). 

 Likewise, we cannot conclude that the purchase of supplies or services in anticipation of the
continuation of an existing regulatory scheme rises to the level of a peculiar burden directly affecting
any property right or justiciable interest of a property owner in an ETJ to give him standing to
collaterally attack the annexation ordinance which expanded the ETJ. To hold that such indirect and
anticipatory expenditures by a property owner in an ETJ constitute a justiciable interest sufficient 
to provide standing to collaterally attack an annexation ordinance as void, would, in essence, open
the door for any private party within a newly expanded ETJ to collaterally attack the annexation. 
The Texas Supreme Court has traditionally construed the concept of a peculiar burden quite
narrowly, and we will follow its lead. See, e.g., Hoffman, 476 S.W.2d at 846; Westlake Hills, 466
S.W.2d at 727; Scott v. Board of Adjustment, 405 S.W.2d 55, 56 (Tex. 1966); City of San Antonio
v. Stumburg, 7 S.W. 754, 755 (Tex. 1888). Neither it nor the Texas Legislature has ever provided
for such expanded private party collateral attacks on annexation ordinances, and we also decline to
do so at this time. 

 The parties have not cited, nor are we aware of any authority in which any peculiar burden
other than a tax was deemed sufficient to confer standing in such cases. The Sunchase tract is not
within the annexed area, and, as such, is not subject to tax. See Tex. Loc. Gov't. Code Ann. §
42.902 (Vernon 1999). In essence, Sunchase's argument is that it does not want to be in the ETJ
because it does not want to be subject to the City's subdivision requirements which will have an
effect on its future development. Sunchase's argument is strikingly similar to that of the plaintiffs
in Westlake Hills, who would have preferred to have been annexed by the City of Austin. See
Westlake Hills, 466 S.W.2d at 727. We can understand Sunchase's desire, but, similarly to the
Texas Supreme Court in Westlake Hills, we fail to see how Sunchase's desire rises to the level of
a burden peculiarly suffered by Sunchase to afford it standing to collaterally attack the annexation
as void. As such, we hold that Sunchase has failed to allege such a peculiar burden and has therefore
failed to satisfy the standard set forth in Westlake Hills to give it standing to collaterally attack the
annexation ordinance which placed it in the City's expanded ETJ. (5) 

 Appellants' first issue is overruled, and it is unnecessary for us to address the second issue
of whether the City exceeded its statutory annexation powers. 


Take Nothing Judgment


 In its final issue, Sunchase argues that if the trial court did not have jurisdiction to act, then
it could not order that Appellants take nothing by their suit. We agree. In its brief, the City states
that it has no objection to the reformation of the trial court's order to clarify that the order was not
a ruling on the merits of the case. Since we have determined that Sunchase had no standing to
challenge the annexation on the ground that it was void, it follows that the trial court's order that
Sunchase "take nothing" was void because the trial court had no jurisdiction to so act. See Green
Oaks, Ltd. v. Cannan, 749 S.W.2d 128, 130 (Tex. App.- San Antonio 1987), writ denied, 758
S.W.2d 753 (Tex. 1988). Appellants third issue is sustained.

 Accordingly, we affirm the trial court's order dismissing without prejudice Sunchase's
lawsuit for want of jurisdiction, but modify it by striking the language "that Plaintiffs take nothing
by this suit from the City of Crandall, Texas."

 LEONARD DAVIS 

 Chief Justice



Opinion delivered December 5, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.







(PUBLISH)
1. Tex. Loc. Gov't Code Ann. §§ 212.002, 212.003 (Vernon 1999). 
2. Tex. Loc. Gov't Code Ann. § 42.041 (Vernon 1999).
3. Null subsequently nonsuited his claim against the City. As such, he is only interested in whether the trial
court erred in ordering that Appellants take nothing in its order of dismissal. In its brief the City has agreed with
Appellants on this issue and the order of dismissal will be so reformed. 
4. Since there is no allegation or evidence to the contrary, we assume that the water pipe had not been
installed, but only purchased in anticipation of installation. 
5. Our holding on this issue would not leave a party similarly situated to Sunchase completely without
recourse. Such a party could petition the State of Texas to bring a quo warranto action challenging the annexation,
if it could convince the State that its claims are meritorious. See Alexander Oil Co., 825 S.W.2d at 437 ("By
requiring that the State bring such a proceeding, we avoid the specter of numerous successive suits by private parties
attacking the validity of annexations.").