

# NUMBER 13-16-00498-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CITY OF BROWNSVILLE,                                     **Appellant,**

**v.**

CITY OF PORT ISABEL AND
TOWN OF LAGUNA VISTA,                              **Appellees.**

## On appeal from the 103rd District Court
## of Cameron County, Texas.

# MEMORANDUM OPINION ON REHEARING

**Before Chief Justice Valdez and Justices Rodriguez and Hinojosa**
**Memorandum Opinion by Chief Justice Valdez**

We issued our original memorandum opinion in this cause on May 24, 2018. Appellees the City of Port Isabel and the Town of Laguna Vista (the Cities) have filed a motion for rehearing. *See* TEX. R. APP. P. 49.1; 49.7. We deny the motion for rehearing

but withdraw our prior memorandum opinion and judgment and substitute the following memorandum opinion and accompanying judgment in their place.

The underlying suit involves a dispute between appellant City of Brownsville and the Cities over extraterritorial jurisdiction (ETJ). This is an accelerated appeal on the issue of standing—specifically, whether the Cities have standing to challenge annexations taken by Brownsville and, if so, on what grounds. The trial court in this case found that the Cities may have standing and thus denied Brownsville's motion for summary judgment which sought a finding to the contrary. We affirm in part and reverse and render in part.

## I.    BACKGROUND

ETJ refers to the unincorporated area that is contiguous to the corporate boundaries of a city and is located within a specified distance of those boundaries, depending upon the number of inhabitants within the city. *See* TEX. LOC. GOV'T CODE ANN. § 42.021(a) (West, Westlaw through 2017 1st C.S.).

## A.    Brownsville Passes Annexation Ordinances, Prompting the Cities to Sue

Brownsville passed several ordinances annexing areas allegedly located within its two-mile ETJ. This prompted the Cities to sue Brownsville to invalidate these ordinances on both procedural and substantive grounds. Regarding procedure, the Cities alleged that the ordinances were invalid because Brownsville's governing body failed to comply with certain statutory notice and hearing requirements prior to enacting them. *See* TEX. GOV'T CODE ANN. § 551.041 (West Westlaw through 2017 1st C.S.) (providing that "[a] governmental body shall give written notice of the date, hour, place, and subject of each meeting held by the governmental body"); *see also* TEX. LOC. GOV'T CODE ANN. § 43.052(f)

2

(West, Westlaw through 2017 1st C.S.) (requiring the annexing city to provide written notice to those affected by the proposed annexation); *id*. § 43.0561(c) (requiring the annexing city to post notice of the annexation hearing in the newspaper). Regarding substance, the Cities alleged, among other things, that the property description of the annexed areas do not close and illegally encroach on their respective ETJs. *See* TEX. LOC. GOV'T CODE ANN. § 42.022(c) (prohibiting expansion of the ETJ of a city through annexation of any area in the existing ETJ of another city).

## B.    Brownsville Files a Plea to the Jurisdiction (PTJ)

In response to the lawsuit, Brownsville initially filed a PTJ, arguing that the Cities lacked standing to raise their procedure-based challenge to the ordinances. Specifically, Brownsville asserted that such a procedural complaint can only be brought by the State through a quo warranto suit.[1] Brownsville's PTJ did not challenge the Cities' substance-based challenge to the ordinances. The trial court denied Brownsville's PTJ. No interlocutory appeal was taken from the trial court's ruling.

## C.    Brownsville Files a Motion for Summary Judgment (MSJ)

Thereafter, Brownsville filed a MSJ, arguing the Cities lacked standing to challenge not only the procedure but also the substance of the ordinances. Specifically, Brownsville asserted that the annexations did not burden the Cities, and therefore, the Cities stood to gain nothing if the ordinances were to be invalidated. The Cities provided argument and

---

[1] A quo warranto proceeding must be instituted by the attorney general or by a district or county attorney. *See* TEX. CONST. art. IV, § 22; TEX. CIV. PRAC. & REM. CODE ANN. § 66.002 (West, Westlaw through 2017 1st C.S.). The purpose of a quo warranto proceeding is "to question the right of a person or corporation, including a municipality, to exercise a public franchise or office." *Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 436–37 (Tex. 1991). Through a quo warranto proceeding, "the State acts to protect itself and the good of the public generally, through the duly chosen agents of the State who have full control of the proceeding." *Id*. at 437 (quoting *Fuller Springs v. State ex rel. City of Lufkin*, 513 S.W.2d 17, 19 (Tex. 1974)).

3

evidence in response. After considering Brownsville's MSJ, as well as the Cities'
response thereto, the trial court denied Brownsville's MSJ. Brownsville then filed this
interlocutory appeal within twenty days of the trial court's order denying its MSJ. *See*
TEX. R. APP. P. 26.1(b) (providing that, in an accelerated appeal, "the notice of appeal
must be filed within 20 days after the . . . order is signed"); *see also id*. R. 28.1(a) (stating
that accelerated appeals include "appeals from interlocutory orders").[2]

## II. JURISDICTION

As a threshold matter, the Cities argue that Brownsville—the appealing party—
failed to invoke our jurisdiction because it never appealed the trial court's order denying
its PTJ but instead opted only to appeal its later-filed MSJ, which merely re-urged the
same issue as the PTJ. An appellate court lacks jurisdiction to review an appeal if the
appealing party fails to timely appeal the order sought to be reversed. *See id*. R. 25.1(b).
However, case law directs that, in this situation, the twenty-day period to appeal runs from
the later-filed MSJ if the MSJ genuinely raised a new ground that the PTJ did not. *See*
*City of Magnolia 4A Econ. Dev. Corp. v. Smedley*, 533 S.W.3d 297, 298 (Tex. 2017).
Here, Brownsville's PTJ and MSJ differ. The PTJ contested only the Cities' standing to
challenge the procedural validity of the annexation ordinances. In contrast, the MSJ not
only contested standing on that basis but also raised a new ground for contesting

---

[2] We note that the trial court's order denying Brownsville's MSJ is an appealable interlocutory order
even if it was not labeled a "PTJ." The reason is that a governmental unit, such as Brownsville, may appeal
an interlocutory order that denies a PTJ; however, whether a motion is a PTJ depends not on its label but
on its substance. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (West, Westlaw through 2017 1st C.S.);
*see also Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004). Accordingly, a MSJ may be
considered a PTJ for interlocutory-appeal purposes if the MSJ substantively challenges jurisdiction. *See*
*City of Magnolia 4A Econ. Dev. Corp. v. Smedley*, 533 S.W.3d 297, 299 (Tex. 2017) (treating a jurisdiction-
based MSJ as a PTJ for interlocutory-appeal purposes). Standing implicates jurisdiction*, see City of Port
Isabel v. Pinnell*, 161 S.W.3d 233, 238 (Tex. App.—Corpus Christi 2005, no pet.); therefore, Brownsville's
MSJ, which challenged standing, constitutes a PTJ for interlocutory-appeal purposes. *See Smedley*, 533
S.W.3d at 299.

standing—namely, that the annexations did not actually burden the Cities or their respective ETJs; and this ground became a contested evidentiary issue when the Cities submitted evidence that they believed showed otherwise.

At this juncture, we need not address whether and to what extent Brownsville's MSJ arguments have merit. For purposes of determining our jurisdiction, it suffices that Brownsville's MSJ genuinely raised an additional ground for contesting standing that the PTJ did not. *Cf. City of Houston v. Estate of Jones*, 388 S.W.3d 663, 667 (Tex. 2012). Consequently, the twenty-day period to bring this interlocutory appeal ran from the trial court's MSJ ruling, and because Brownsville filed its notice of appeal within twenty days of that ruling, there is no jurisdictional bar to consideration of this interlocutory appeal. *See* TEX. R. APP. P. 26.1(b).

## III. STANDING

Brownsville urges that the trial court erred in denying its MSJ because the Cities lack standing to challenge both the procedure and substance of the annexation ordinances.

## A. Standard of Review

MSJ is a proper procedural vehicle to challenge standing. *See Buck v. Palmer*, 79 S.W.3d 309, 324 (Tex. App.—Corpus Christi 2010), *rev'd on other grounds*, 381 S.W.3d 525 (Tex. 2012). We review a trial court's summary judgment ruling de novo. *See San Antonio Express News v. Dracos*, 922 S.W.2d 242, 247 (Tex. App.—San Antonio 1996, no writ). Under the summary-judgment standard, Brownsville was entitled to summary judgment only if it established that no genuine issue of material fact existed on the issue of standing and that it was entitled to judgment as a matter of law. *See* TEX. R. CIV. P.

5

166a(c); *see also Cortina v. P.I. Corp.*, 385 S.W.3d 613, 615 (Tex. App.—Corpus Christi 2012, no pet.).

**B.     Applicable Law**

Standing is a threshold component of subject matter jurisdiction. *City of Port Isabel v. Pinnell*, 161 S.W.3d 233, 238 (Tex. App.—Corpus Christi 2005, no pet.). A city has standing to challenge another city's annexation on some (but not all) grounds. *Id*.

The city may challenge the annexation on grounds that would render the annexation "void." *See id*. A void annexation would be one that attempts to annex an area with an open boundary description or encroaches on another city's jurisdiction. *See Alexander Oil Co. v. City of Seguin*, 825 S.W.2d 434, 438 (Tex. 1991). However, even if the annexation is void, the city challenging it must still "suffer some burden peculiar to itself to acquire standing to sue."[3] *Pinnell*, 161 S.W.3d at 238 (citing *West Lake Hills v. State*, 466 S.W.2d 722, 727 (Tex. 1971)).

In contrast to a void annexation, a city lacks standing to challenge procedural irregularities in the passage of the annexation—like noncompliance with statutory notice and hearing requirements; instead, only the State may do so through a quo warranto suit.

---

[3] The Cities propose that, as per *City of Ingleside* and *City of San Antonio*, the Texas Supreme Court replaced the special-burden standard for determining standing with one that confers almost per se standing in the context of city-versus-city disputes over territorial and extraterritorial jurisdiction. *See City of Ingleside v. City of Corpus Christi*, 469 S.W.3d 589 (Tex. 2015); *City of San Antonio v. City of Boerne*, 111 S.W.3d 22 (Tex. 2003). We disagree. These cases happened to involve boundary disputes, but the issues concerned matters unrelated to city-versus-city standing. *See City of Ingleside*, 469 S.W.3d at 591 (deciding whether interpretation of a legislative term that defined the boundary between neighboring cities presented a political question not subject to judicial review); *City of San Antonio*, 111 S.W.3d at 28 (deciding whether the Legislature, in giving commissioners courts general control over roads, expressly or impliedly conferred the authority to petition a city to annex portions of county roads). Neither city in those cases contested the other's standing. In any event, we believe the cases affirm rather than call into question the special-burden test. The reason is that, depending on the interpretation or validity of the ordinance at issue, the non-prevailing city stood to lose either actual territorial jurisdiction (*City of Ingleside*) or extra-territorial jurisdiction (*City of San Antonio*)—thus imposing inherent special burdens on the cities and satisfying the test for standing to sue.

6

*See Alexander Oil*, 825 S.W.2d at 436-39. The reason is that the procedure-based challenge renders the annexation not void, but merely voidable. *See id.*

## C. Analysis

### 1. Procedure-Based Challenge to Annexations

By denying Brownsville's MSJ, the trial court impliedly found that the Cities had standing to challenge procedural irregularities in the passage of the annexations. However, "only the [State] can challenge annexation[s] for such procedural irregularities [through a quo warranto suit]." *Alexander Oil*, 825 S.W.2d at 439. We hold, as a matter of law, that the Cities lacked standing to procedurally challenge the annexations, and therefore, the trial court erred when it impliedly found otherwise. *See id.*

### 2. Substance-Based Challenge to Annexations

By denying Brownsville's MSJ, the trial court also impliedly found that the Cities may have standing to challenge the annexations on grounds that would render them void.

The Cities alleged, among other things, that the annexations contain an open boundary description and encroached on their ETJs, rendering them void. Brownsville concedes that these allegations, if proven true, would render the annexations void. However, Brownsville argues there is no evidence that either appellee suffered any burden peculiar to itself. We disagree. In response to Brownsville's MSJ, a land surveyor testified by affidavit that specific annexations contained property descriptions that do not close.[4] Brownsville does not dispute that the Cities are the closest municipalities, to the

---

[4] Brownsville argues the land surveyor's testimony is not competent summary judgment evidence because he applied a hyper-technical review of the ordinances. We disagree. Brownsville did not object to the surveyor's testimony on that basis or seek a ruling from the trial court to exclude the testimony from the Cities' evidence. Furthermore, summary judgment requires that there be no genuine issue of material fact on the issue of standing. *See* TEX. R. CIV. P. 166a(c). Even assuming arguendo that the surveyor's hyper-technical review of the ordinances in some way detracts from its evidentiary value, the assessment is still evidence relevant to the factual issue of whether the annexations encroach on the Cities' ETJs.

7

east, of the annexed areas.  We conclude there is at least a fact issue regarding whether the allegedly open-ended nature of the annexations burden the Cities by encroaching on their respective ETJs.[5]  *See Pinnell*, 161 S.W.3d at 233 (concluding that encroachment upon a city's ETJ constitutes a burden for purposes of standing).  Therefore, the trial court correctly denied this part of Brownsville's MSJ.  *See* TEX. R. CIV. P. 166a(c); *see also Pinnell*, 161 S.W.3d at 233.

### 3.      Motion for Rehearing

In their motion for rehearing, the Cities contend that our conclusion that they lack standing to challenge Brownsville's annexation ordinances on procedural grounds is erroneous.  Specifically, the Cities argue that in *Pinnell*, 161 S.W.3d at 238 (*Pinnell I*) and *City of Port Isabel v. Pinnell*, 207 S.W.3d 394 (Tex. App.—Corpus Christi 2005, no pet.) (*Pinnell II*), this Court allowed "a similar combination of procedure-based and substance-based challenges by one municipality against another municipality's annexation ordinances."

However, the Texas Supreme Court in *Alexander Oil* and this Court in *Pinnell I* clearly state that the only proper method for attacking the validity of a city's annexation is by quo warranto proceedings unless the annexation is wholly void (i.e., a substantive challenge to the annexation is lodged).  This principle is not limited to private entities as the Cities propose; *Pinnell I* and *II* involved a challenge by a municipality—South Padre Island, Texas.  *See Pinnell*, 207 S.W.3d at 399; *Pinnell*, 161 S.W.3d at 238.  And, neither *Pinnell I* nor *II* stand for the proposition that a city may challenge procedural irregularities

---

Finally, Brownsville did not argue or attempt to rebut the surveyor's testimony with evidence establishing that the annexations do close.

[5] We do not reach the merits of that claim in this interlocutory appeal.

8

when raised in combination with a substantive challenge. *Pinnell I* held that the subject complaints were that the annexations were void, i.e., a substantive challenge, and therefore, the suits need not be brought by the State in a quo warranto proceeding. *Pinnell*, 161 S.W.3d at 239. It reaffirmed the proposition that an attack on annexation based on procedural irregularities must be made by the State in an action of quo warranto. *See id.* Thus, we are not persuaded by the Cities' arguments on rehearing.

## IV. CONCLUSION

We reverse the trial court's judgment with respect to the Cities' procedure-based challenge to the annexations and render a judgment dismissing those claims. However, we affirm the trial court's judgment with respect to the Cites' substance-based challenges.

**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
19th day of December, 2018.